**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-5209**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DAVID CICALESE,

                    Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:08-cr-00024-REM-JSK-1)

─────────────

Submitted:  August 25, 2010          Decided:  September 15, 2010

─────────────

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Cicalese pled guilty, pursuant to a written plea agreement, to one count of possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2010). The district court calculated Cicalese's sentencing range under the U.S. Sentencing Guidelines Manual ("USSG") (2008) at 87 to 108 months' imprisonment and imposed a variant sentence of 60 months' imprisonment. The court also imposed a lifetime term of supervised release. Cicalese now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but suggesting that the lifetime term of supervised release is substantively unreasonable. Cicalese was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has declined to file a brief and does not seek to enforce the plea agreement's appeal waiver.[*] We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard."

---

[*] Cicalese waived his right to appeal his sentence in the plea agreement. Because the Government fails to assert the waiver as a bar to the appeal, however, we may consider the issue raised in the Anders brief and conduct an Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

2

_Gall v. United States_, 552 U.S. 38, 41 (2007).  In conducting this review, we must first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  _Id._ at 51.  "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it."  _United States v. Carter_, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The district court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  _Id._ (internal quotation marks omitted).

If the sentence is free from procedural error, we then review it for substantive reasonableness.  _Gall_, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  _United States v. Pauley_,

3

511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if we would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 552 U.S. at 51).

In this case, the district court correctly calculated and considered the Guidelines range and heard argument from counsel and allocution from Cicalese. The court also gave an individualized assessment of Cicalese's case, concluding that a sentence of 60 months' imprisonment was warranted in light of the nature and circumstances of the offense, Cicalese's history and characteristics, and the need to protect the public and provide Cicalese with appropriate treatment. We conclude that the district court adequately explained its rationale for imposing the variant prison sentence and that the reasons relied upon by the district court are valid considerations under § 3553(a) and justify the sentence imposed. See Pauley, 511 F.3d at 473-76.

With respect to the term of supervised release, the statutory maximum term of supervised release for an offense under 18 U.S.C. § 2252A is life, see 18 U.S.C.A. § 3583(k) (West Supp. 2010), and the Sentencing Guidelines recommend that the statutory maximum be imposed, USSG § 5D1.2(b), p.s. After a review of the record, we conclude that the district court did not abuse its discretion in imposing a lifetime term of

4

supervised release, given the serious nature of Cicalese's crime and the need to rehabilitate Cicalese and to protect the public.

Finally, in accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for review.  We therefore affirm the district court's judgment.  This court requires that counsel inform Cicalese, in writing, of the right to petition the Supreme Court of the United States for further review.  If Cicalese requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cicalese.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>